Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com
*Attorney for Plaintiff,*
*Amanda Rodgers*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMANDA RODGERS, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA")** |
| vs. | |
| RICHLAND HOLDINGS, INC. dba ACCTCORP OF SOUTHERN NEVADA, and DONNA ARMENTA LAW, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

///
///
///
///
///
///

COMPLAINT

# INTRODUCTION

1. Amanda Rodgers ("Plaintiff"), through her counsel, brings this action to challenge the actions of Defendants Richland Holdings Inc., dba Acctcorp of Southern Nevada ("Richland"), and Donna Armenta Law ("DAL") (jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8. Defendants are subject to personal jurisdiction in Nevada, as they conduct business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Nevada and within this judicial district, Plaintiff resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendants conducted business within this federal judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person who resides in Henderson, Clark County, Nevada.

11. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant Richland is a debt collection agency and corporation formed under the laws of the State of Nevada.

14. Defendant DAL is a law firm with an office and principal place of business in the State of Nevada that regularly engages in debt collection.

15. Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations as to Plaintiff's Individual Claims

14. Sometime before around September of 2019, Plaintiff allegedly incurred financial obligations to an original creditor, R.C. Willy Home Furnishings ("RCW"), located in Henderson, Nevada, primarily for personal, family or household purposes, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

15. At the time Plaintiff incurred the Debt to RCW, Plaintiff resided in Boulder City, Nevada.

16. Plaintiff allegedly defaulted on the alleged Debt and sometime thereafter Defendant Richland was assigned or transferred the right to collect on the Debt.

17. On or about November 29, 2021, Defendants filed a complaint against Plaintiff in the Justice Court of the Las Vegas Township in Clark County, Nevada (the "Justice Court Case") attempting to collect an alleged debt in the amount of $5,614.77 from Plaintiff.

30. Defendants served Plaintiff with notice of the Justice Court Case at her place of residence in the City of Henderson, Nevada on December 13, 2021. As a result, Plaintiff's response to the complaint was due January 3, 2022.

18. At the time the Justice Court Case was filed, Plaintiff lived in the City of Henderson.

19. Defendants failed to file the Justice Court Case in the judicial district in which Plaintiff signed the RCW contract sued upon.

20. Defendants failed to file the Justice Court Case in the judicial district in which Plaintiff resided at the time of the commencement of the Justice Court Case.

21. By filing the Justice Court Case in the Justice Court of the Las Vegas Township rather than the judicial district where Plaintiff signed the contract sued upon or

where Plaintiff resided at the commencement of the Justice Court Case, Defendants violated 15 U.S.C. § 1692i(a)(2)(A)-(B).

31. Defendants' conduct violated 15 U.S.C. § 1692e and § 1692e(10) by using false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

32. Defendants' conduct violated 15 U.S.C. § 1692f because Defendants utilized unfair and unconscionable means in its attempts to collect the Debt from Plaintiff.

33. After filing and serving the Justice Court Case, on or about December 20, 2021, Defendants sent or caused to be sent a written collection communication (the "Letter") via U.S. Mail to Plaintiff in attempt to collect upon an alleged debt which was also the subject of the Justice Court Case.

34. The Letter represented that Plaintiff owed RCW $6,541.17; whereas, the Justice Court Case that Plaintiff was recently served with alleged Plaintiff owed RCW $5,614.77.

35. By sending Plaintiff a Letter with a contradictory, conflicting, and inconsistent amount compared to Defendants' Justice Court Case's complaint regarding the same RCW account, Defendants violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of an alleged debt in connection with their attempts to collect the Debt from Plaintiff.

36. In addition, through the above conduct and communications with Plaintiff, Defendants violated 15 U.S.C. § 1692e and § 1692e(10) by using misleading and false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

37. Through the above conduct and communications with Plaintiff, Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means in its attempts to collect an alleged debt from Plaintiff.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

**Factual Allegations as to Class Claims**

39. Defendants' debt collection Letter to Plaintiff constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

40. In their Letter, Defendants failed to meet the 15 U.S.C. § 1692g(a) notice requirements.

41. Defendants' Letter failed to provide Plaintiff "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" in violation of 15 U.S.C. § 1692g(a)(3).

42. Defendants' Letter failed to provide Plaintiff and, upon information and belief, the Class "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

43. Defendants' Letter confused Plaintiff and contradicted and overshadowed Plaintiff's right to dispute the debt within thirty days because Defendants sent Plaintiff the Letter after the Plaintiff had already been served with the Justice Court Case with less than thirty days left for Plaintiff to file a responsed to the Justice Court Case complaint.

44. Defendants' Letter further misled, deceived, and confused Plaintiff because the Letter stated, "Call or write us by 1/21/2022 to dispute all or part of the debt." However, this dispute deadline provided by Defendants was less than thirty (30) days after Plaintiff received the Letter and did not provide Plaintiff with

accurate notice of the right to "thirty days **after receipt of the notice**" (emphasis added) to dispute the validity of the debt, or any portion thereof.

45. Defendants' Letter misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(3) and (4).

46. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendants' Letter is likely to mislead consumers since it overshadows and misrepresents the dispute period permitted by federal law.

47. Defendants' Letter violated 15 U.S.C. § 1692e(10) by Defendants' use of false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

48. Defendants' Letter violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

49. As described herein, Defendants engaged in illegal collection activity with regard to Plaintiff's alleged debt. Such activity constitutes violations of 15 U.S.C. §§ 1692g(a), 1692e, and 1692f.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this class action on behalf of herself, and on behalf of all others similarly situated.

51. Plaintiff represents and is a member of the "Class" defined as:

> (i) all persons in the United States (ii) who were sent an initial written communication substantially similar or identical to Defendants' Letter (iii) to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (vii) within one year prior to the filing of the Complaint in this action.

52. Defendants and their employees or agents are excluded from the Class.

53. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

54. The identities of individual members are ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendants violated the FDCPA as described herein;

    b. Whether members of the Class are entitled to the remedies under the FDCPA;

    c. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

56. As a person who received at least one written communication from Defendants in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.

57. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

58. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

59. A class action is a superior method for the fair and efficient adjudication of this controversy.

60. Class-wide damages are essential to induce Defendants to comply with the federal alleged in the Complaint.

61. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the combined maximum

statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

62. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

63. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

64. Plaintiff request certification of a hybrid class for monetary damages and injunctive relief.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692, et seq. (FDCPA)**

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

67. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendant, as follows:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class and Plaintiff's attorneys be appointed as Class Counsel;

- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendants from continuing use of collection communications substantially in the form of the Letter;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants for Plaintiff and each putative Class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants for Plaintiff and each putative Class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

- Any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

68.  Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.


DATED this 10th day of January 2022.

          Respectfully submitted,

          **KAZEROUNI LAW GROUP, APC**


      By:  */s/ Gustavo Ponce*
          Gustavo Ponce, Esq.
          Mona Amini, Esq.
          6069 S Fort Apache Road, Suite 100
          Las Vegas, Nevada 89148
          *Attorneys for Plaintiff*